**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Horacio Jimenez, | No. CV-18-02076-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of Defendant's denial of his request for social security disability benefits. Plaintiff makes two primary claims of error on appeal: 1) the ALJ erred in not giving greater weight to Plaintiff's treating physician, Dr. Elk; and 2) the ALJ did not give specific, clear, and convincing reasons supported by substantial evidence to not credit Plaintiff's subjective symptom testimony. (Doc. 13 at 1-3). The appeal is fully briefed. (Docs. 13, 14, and 15).

## I. Review of Decision of ALJ

The decision of Administrative Law Judge ("ALJ") to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v.*

1  *Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether

2  there is substantial evidence to support a decision, the Court considers the record as a

3  whole, weighing both the evidence that supports the ALJ's conclusions and the evidence

4  that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is

5  susceptible of more than one rational interpretation, it is the ALJ's conclusion which must

6  be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically

7  flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v.*

8  *Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because

9  "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and

10  if the evidence can support either outcome, the court may not substitute its judgment for

11  that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Young*

12  *v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

13  **II.    Plaintiff's Symptom Testimony**

14      Plaintiff argues the ALJ erred in rejecting Plaintiff's symptom testimony without

15  providing specific, clear and convincing reasons supported by substantial evidence in the

16  record as a whole.  (Doc. 13 at 17).

17      **A.    Legal Standard**

18      The ALJ is responsible for determining credibility, resolving conflicts in medical

19  testimony, and resolving ambiguities. *Reddick*, 157 F.3d at 722.

20      When an ALJ "finds that a claimant's testimony relating to the intensity of
   his pain and other limitations is unreliable, the ALJ must make a credibility

21      determination citing the reasons why the testimony is unpersuasive." *Morgan*
   *v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999) (citing

22      *Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991)). In making a credibility
   determination, the ALJ "must specifically identify what testimony is credible

23      and what testimony undermines the claimant's complaints[.] In this regard,
   questions of credibility and resolutions of conflicts in the testimony are

24      functions solely of the Secretary." *Id.* (citations omitted).

25  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

26      In assessing the credibility of a claimant's testimony regarding subjective pain or

27  the intensity of his symptoms, the ALJ must engage in a two-step analysis. *Molina v.*

28  *Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). First, as a threshold matter, "the ALJ must

determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant meets the first test, then "the ALJ 'may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.'" *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell*, 947 F.2d at 346–47). Rather, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof," the ALJ may only find the claimant not credible by making specific findings supported by the record that provide clear and convincing reasons to explain her credibility evaluation. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996)).

In rendering a credibility determination, the ALJ may consider several factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284). If the ALJ relies on these factors and his reliance is supported by substantial evidence, the Court "may not engage in second-guessing." *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)).

**B.      Analysis**

**1.      Supporting medical evidence**

Plaintiff claims the ALJ erred because the ALJ stated that "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms but his statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for

1 the reasons explained in this decision." (Doc. 13 at 19). Plaintiff claims that by this

2 statement the ALJ imposed a requirement that Plaintiff's symptom testimony be entirely

3 consistent with the medical evidence and any such requirement is error. (*Id.*).

4 First, the Court does not read the language of the ALJ's opinion as narrowly as

5 Plaintiff. In other words, the Court reads "not entirely consistent" to mean the ALJ found

6 that, as a matter of fact, Plaintiff's testimony and the records are consistent in parts and

7 inconsistent in parts. The Court does not read it to mean the ALJ was holding that, as a

8 matter of law, if Plaintiff's testimony and the records diverge at any point, Plaintiff's

9 testimony is not to be credited. Thus, the Court rejects Plaintiff's interpretation of the

10 opinion.

11 Second, it is not error for the ALJ to discredit the severity of Plaintiff's symptom

12 testimony when such testimony is inconsistent with the medical evidence. *See, e.g.*, *Burch*

13 *v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot

14 form the sole basis for discounting pain testimony, it is a factor that the [ALJ] can consider

15 in his credibility analysis."); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th

16 Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the

17 claimant's subjective testimony.").

18 Third, the ALJ did not limit his findings to the medical evidence of record. She

19 specifically included "other evidence in the record." (Doc. 10-3 at 29).[1] For example,

20 Plaintiff's daily activities were other evidence in the record. Specifically, the ALJ

21 recounted that Plaintiff, "takes care of his personal needs without difficulty, prepares

22 simple meals daily, does laundry twice a week, and shops in stores two to three times a

23 week for 30 to 40 minutes. [citation omitted]. [Plaintiff] reported going outside almost

24 every day, going out alone, and driving when traveling from his home. [Plaintiff] stated

25 that he watches television every day but cannot sit as long as he used to and he sometimes

26 goes to church." (Doc. 10-3 at 29). These activities are additional substantial evidence of

27 record on which the ALJ relied to discredit the severity of Plaintiff's symptom testimony.

28 ---

[1] Citations to pages in the ALJ's opinion are to this Court's record, not the ALJ's internal page numbering.

*See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (finding an inconsistency between a treating physician's opinion and a claimant's daily activities to be a specific and legitimate reason to discount the treating physician's opinion).

Thus, the Court finds no error in the ALJ noting that Plaintiff's claimed severity of his symptoms was inconsistent with both the medical evidence and the other evidence of record.

### 2. Specificity of the ALJ's decision

Plaintiff argues that the ALJ's stated reasons for discounting Plaintiff's symptom testimony are too vague to qualify as specific, clear and convincing reasons. (Doc. 13 at 21). The Court will not reproduce the ALJ's opinion here; however, the Court notes that the ALJ spent 14 single-spaced paragraphs detailing Plaintiff's symptom testimony, Plaintiff's medical history, Plaintiff's daily activities, and the evidence from a third-party report. (Doc. 10-3 at 29-32 (citing to various exhibits of record from which the ALJ drew the factual recounting in the opinion)). Nonetheless, Plaintiff complains this recounting is inadequate because it does not connect the discussion of the medical evidence to a specific symptom testimony that lacked credibility. (Doc. 13 at 21-22).

Plaintiff points to two specific pieces of his testimony that the Plaintiff claims the ALJ should have credited; specifically: 1) Plaintiff's testimony that he had to lie down two to three times a day, and sometimes more, to relieve pain and fatigue; and 2) Plaintiff's testimony that he would likely miss three days of work per week if he were employed. (Doc. 13 at 23). However, on two occasions, the ALJ specifically listed the limitations found by the state agency physicians (Doc. 10-3 at 31 and Doc. 10-3 at 32) and stated that the ALJ placed great weight on those limitations. Further the ALJ specifically discussed the limitations claimed by Plaintiff and gave reasons why the ALJ did not credit the severity of those limitations (Doc. 10-3 at 29 and Doc. 10-3 at 31). The Court finds the ALJ's opinion to be sufficiently specific that there was no error.

### 3. ALJ's interpretation of the medical evidence

In his claims of error about the ALJ's failure to give sufficient reasons for not

1 crediting the opinion of Dr. Elk, Plaintiff argues the ALJ's use of the medical information

2 in this case was inappropriate because the ALJ's interpretation of the evidence was

3 impermissible expert opinion. (Doc. 13 at 12-13). Plaintiff makes the same claim of error

4 with respect to the ALJ's consideration of the medical evidence as it relates to Plaintiff's

5 symptom testimony. (Doc. 13 at 22). For the reasons stated below (in Section IIB2), the

6 Court finds the ALJ did not commit error in this case based on her consideration,

7 interpretation and summation of the medical evidence.

8 Specifically, as this argument relates to Plaintiff's symptom testimony, Plaintiff

9 argues because the treating physician prescribed a cane for Plaintiff to use, it was error for

10 the ALJ to state, "although the claimant's cane has been prescribed, the record does not

11 establish the cane is medically necessary, particularly given the intermittent use of such

12 assistive device, as discussed above." (Doc. 13 at 23). In this instance, the ALJ was

13 attempting to evaluate Plaintiff's credibility. The ALJ noted that Plaintiff told his treating

14 physician symptoms that caused the treating physician to prescribe a cane. Then, the record

15 shows, that on many occasions, Plaintiff's medical providers noted that Plaintiff did not

16 use his cane. (The ALJ noted at least 4 occasions where Plaintiff's medical provider noted

17 in Plaintiff's medical record that Plaintiff was not using his cane (Doc. 10-3 at 30).) These

18 medical notes are facts in the record. It is not error for the ALJ to consider them in

19 determining whether Plaintiff has exaggerated his symptoms to the ALJ or the treating

20 physician.

21 **4.    Conclusion re Plaintiff's symptom testimony**

22 Having rejected the specific claims of error discussed above, the Court finds the

23 ALJ made specific findings supported by the record that provided clear and convincing

24 reasons to explain her credibility evaluation. Accordingly, the Court will not reverse on

25 this clam of error.

26 **III.    Treating Physician**

27 As stated above, Plaintiff argues on appeal that the ALJ did not give adequate

28 reasons for not fully crediting the opinions of Dr. Elk.

## A. Legal Standard

With respect to medical testimony specifically, the Ninth Circuit Court of Appeals distinguishes between the opinions of three types of physicians: (1) those who treat the claimant ("treating physicians"); (2) those who examine but do not treat the claimant ("examining physicians"); and (3) those who neither examine nor treat the claimant ("non-examining physicians"). *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). As a general rule, the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician, but less than a treating physician. *Andrews v. Shalala*, 53 F.3d 1035, 1040–41 (9th Cir. 1995).

An "ALJ must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)).

> Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). However, the ALJ can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician "if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Id*. at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

*Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

An "ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Further, "incongruity between [a doctor's opinion] and her medical records" is a "specific and legitimate reason for rejecting" the doctor's opinion. *Tommasetti*, 533 F.3d at 1041.

When reviewing an ALJ's determination, the Court must uphold an ALJ's decision if the Court can reasonably infer why the ALJ rejected an opinion. *Magallanes*, 881 F.2d at 755; *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.") (internal quotations omitted). Moreover, "if evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision" *Batson*, 359 F.3d at 1193.

1       In this case, Plaintiff states, "If the ALJ rejects a treating physician's opinion

2 without providing *at least* specific and legitimate reasons based on substantial evidence in

3 the record as a whole, the treating physician's opinion is accepted as a matter of law."

4 (Doc. 13 at 10) (emphasis added). The Court deems Plaintiff's failure to argue that no

5 other doctor offered a conflicting opinion to the treating physician to be a concession that

6 there are conflicting medical opinions in the record. *See also* (Doc. 15 at 4). Thus, the

7 ALJ must give specific and legitimate reasons supported by substantial evidence of record

8 to not fully credit the opinion of the treating physician.

9       **B.**     **Dr. Elk**

10       Plaintiff makes numerous arguments regarding why the ALJ's opinion is deficient

11 regarding the ALJ's failure to fully credit the opinion of Dr. Elk. Specifically, the ALJ

12 concluded, "The undersigned gives little weight to Dr. Elk's opinions because they are not

13 consistent with any of the available medical evidence, including his own treatment notes."

14 (Doc. 10-3 at 31). Plaintiff argues that the ALJ's statements that underlie this conclusion

15 are inadequate to support the conclusion as follows.

16       **1.**     **ALJ's citations to the record**

17       Plaintiff argues that "The ALJ rationale fails for lack of specificity, not least because

18 the ALJ cited in general to over 200 pages of treatment records without indicating where

19 in those records the conflicting information could be found." (Doc. 13 at 11; and n.9). The

20 Court has reviewed the ALJ's opinion. The Court will not reproduce that opinion here.

21 However, the Court notes that the ALJ had multiple single-spaced paragraphs detailing

22 Plaintiff's medical history and at the end of each sentence within said paragraphs the ALJ

23 cited to the specific medical documents that supported that fact finding (in other words,

24 there was not a single 200-page citation somewhere in the opinion). *See* (Doc. 10-3 at 31-

25 32). Citing to a particular exhibit that supports a finding is specific. It is not error for the

26 ALJ to cite to more than one exhibit if multiple exhibits support a finding. Thus, this Court

27 finds the ALJ's opinion cites specific reasons and substantial evidence of record to not

28 fully credit Dr. Elk's opinion.

### 2. ALJ's use of Dr. Elk's notes

Plaintiff argues that the ALJ is not a medical expert and, accordingly, cannot interpret the medical evidence in the record. (Doc. 13 at 12-13). In other words, Plaintiff argues that the ALJ's interpretation of the notes was the ALJ impermissibly acting as an expert. Plaintiff cites several district court opinions to support the legal theory that an ALJ acting as an expert is error. (*Id.* at 13, n. 10). First, the Court notes that it is not bound by district court opinions. Second, it appears to this Court that these opinions are in conflict with controlling Ninth Circuit Court of Appeals precedent.

Specifically, as indicated above, the Court of Appeals has stated that "if evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson*, 359 F.3d at 1193; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (noting that the ALJ must resolve conflicts in the medical testimony and resolve ambiguities). These Court of Appeals decisions, and many others, anticipate that the ALJ will review, construe and interpret the doctor's notes. Indeed, reviewing and interpreting the medical record is a requirement placed on the ALJ because the ALJ (not the doctor) is the one who, based on the evidence, must decide the ultimate issue of disability. *Thomas*, 278 F.3d at 956 ("In *Morgan*, we held that 'the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability.' 169 F.3d at 600.").

Thus, to the extent the cases cited by Plaintiff suggest that an ALJ cannot act as a medical expert in a case before him or her, this is obviously true. However, to the extent these cases hold that an ALJ cannot interpret what a particular doctor's note means in terms of determining the physical condition or ultimate issue of disability, this Court finds they are inconsistent with Ninth Circuit case law and this Court will not follow them.[2]

---

[2] In the Reply brief, Plaintiff counters Defendant's argument regarding conservative treatment with a quote from a Ninth Circuit Court of Appeals case. Specifically Plaintiff states, "But the Ninth Circuit has stated, '[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment.'' *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014)." (Doc. 15 at 6). The Court is confused by this citation as the Court assumes Plaintiff would argue that the Court of Appeals was in error in this sentence by placing its own "interpretation" on the medical evidence.

The Court has reviewed the ALJ's opinion in this case and does not find that the ALJ acted as an "expert." For example, Plaintiff complains it was error for the ALJ to review Dr. Elk's treatment notes which observed Plaintiff had a normal range of motion, normal strength, and normal stability and conclude that these clinical findings were inconsistent with the significant limitations in Plaintiff's abilities the doctor then concluded existed. (Doc. 13 at 12). However, courts have held that inconsistencies between the doctor's clinical findings and the doctor's conclusions are a specific and legitimate reason to not fully credit the treating physician's opinion. *Tommasetti*, 533 F.3d at 1041 (holding that incongruity between a doctor's opinion and her medical records is a specific and legitimate reason for rejecting the doctor's opinion); *see also Connett*, 340 F.3d at 874-75 (finding the fact that a treating physician's opinion was not supported by his own treatment notes was a specific and legitimate reason to not credit the opinion).

Here, the ALJ did nothing more than summarize or repeat what was in the doctor's notes. The Court finds that the ALJ reviewing those notes to conclude that the clinical findings did not support the diagnosed limitations is not the ALJ impermissibly acting as an expert. To accept Plaintiff's argument that the ALJ cannot "interpret" the notes would effectively mean the ALJ must accept the doctor's opinions regardless of what other evidence is in the doctor's own record. Such an argument is clearly foreclosed by Ninth Circuit case law. *Thomas*, 278 F.3d at 957 ("ALJ need not accept the opinion of any physician…."). On this record, the Court finds the ALJ did not commit error in summarizing the doctor's notes.

### 3. Dr. Elk's notes

Plaintiff argues that *if* the ALJ discredited Dr. Elk because the ALJ imposed a requirement that Dr. Elk's assessments be supported by findings in his own treatment notes, this was error. (Doc. 13 at 14). The Court has reviewed the opinion of the ALJ and finds no point at which the ALJ required clinical findings to support Dr. Elk's opinion. Thus, the Court finds no error.

### 4.    Plaintiff's subjective complaints

Plaintiff argues that Dr. Elk did not base his assessment of Plaintiff's limitations on Plaintiff's subjective complaints (Doc. 13 at 14), and alternatively, even if Dr. Elk did base his assessment on Plaintiff's subjective complaints, it was error to discredit the assessments for this reason (Doc. 13 at 15).

The ALJ noted that Dr. Elk completed Plaintiff's disability form to the best of his ability based on his personal knowledge of Plaintiff's symptoms but did not complete the form in full because Dr. Elk did not have the equipment to assess Plaintiff's disability. (Doc. 10-3 at 31).   The ALJ then concluded, "such statements, along with the lack of significant examination abnormalities, suggest that Dr. Elk based his opinions primarily on the claimant's subjective complaints."  (Doc. 10-3 at 31).  The record supports the ALJ's conclusion.  If Dr. Elk did not have the equipment to diagnose Plaintiff's limitations, and Dr. Elk's clinical findings did not support the diagnosed limitations, then it was reasonable for the ALJ to infer that Dr. Elk's diagnosed limitations were based on Plaintiff's subjective complaints.

Next, the ALJ may properly discount the opinions of a treating physician if such opinions are based on Plaintiff's subjective complaints if the ALJ has properly discredited Plaintiff's subjective complaints.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (when a treating physician's opinion is based "to a large extent" on "an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion.").  For the reasons stated above, the Court finds the ALJ properly discredited Plaintiff's subjective symptom testimony.  Therefore, the ALJ did not commit error in stating she was not fully crediting the treating physician's symptoms because they were primarily based on Plaintiff's subjective complaints.

### 5.    Non-examining physicians

Plaintiff argues that it was error for the ALJ to give great weight to the opinions of the non-examining physicians because their opinions were based on the record at the time of their review of the case file, which did not include on-going treatment Plaintiff received

after their review. (Doc. 13 at 17). However, Plaintiff argues no change in his diagnosis or limitations that would impact the non-examining physician's opinions. Plaintiff only argues that he continued to receive treatment, the same treatment he was receiving (albeit over a longer time frame) as the treatment at the time of the review. Plaintiff fails to show how this evidence could have changed the non-examining physician's opinions, particularly back to Plaintiff's claimed disability on-set date, which predates the non-examining physicians' review of the file.[3] Further, the ALJ partially based his reliance on the non-examining physicians' opinions on the fact that their opinions were more consistent with Dr. Daftari's (who treated Plaintiff at least seven times) opinions. (Doc. 10-3 at 30, 32). Accordingly, the ALJ considered the totality of the medical records in deciding to give great weight to the non-examining physicians' opinions. Thus, the Court finds no error in the ALJ giving great weight to the non-examining physicians' opinions.

### 6. Conclusion re Dr. Elk

Having rejected the specific claims of error discussed above, the Court concludes that in her opinion the ALJ gave specific and legitimate reasons supported by substantial evidence of record to not give great weight to the opinion of Dr. Elk. *See* (Doc. 10-3 at 29-32). Accordingly, the Court will not reverse on this claim of error.

## IV. Conclusion

The Court having found that the ALJ did not commit error,

**IT IS ORDERED** that the decision of the Commissioner is affirmed and the Clerk of the Court shall enter judgment accordingly.

Dated this 3rd day of May, 2019.

James A. Teilborg
Senior United States District Judge

---

[3] Plaintiff claims a disability on-set date of September 15, 2014. (Doc. 10-3 at 24). The non-examining physicians reviewed his records in March 2015 and June 2015. (Doc. 13 at 17).